UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────── x

EDWARD MASSEY,

    Plaintiff,

  -against-                                08 Civ. 6098 (CM)

BRIAN FISCHER, et al.,

    Defendants.
─────────────────────────────────── x
─────────────────────────────────── x

EDWARD MASSEY,

    Plaintiff,

  -against-                                09 Civ. 5911 (CM)

MRS. T. DALLESANDRO, et al.,

    Defendants.
─────────────────────────────────── x

**DECISION AND ORDER REVOKING PLAINTIFF'S IFP STATUS AND CONDITIONALLY DISMISSING THE COMPLAINTS**

McMahon, J.:

### INTRODUCTION

    Edward Massey ("Plaintiff") is the pro se Plaintiff in both of these actions, Massey v. Fischer, et al., No. 08 Civ. 6098 (the "6098 Action"), and Massey v. Dallesandro, et al., No. 09 Civ. 5911 (the "5911 Action"). Plaintiff is currently incarcerated at the Clinton Correctional Facility, and is proceeding in forma pauperis ("IFP") in both actions.

    The complaints in both cases allege harassment, retaliation and deliberate indifference to Plaintiff's medical needs by Department of Correctional Services ("DOCS") personnel in

violation of the Eighth Amendment, during his incarceration at the Fishkill Correctional Facility ("Fishkill") in June 2008. The complaint in the 5911 Action (the "5911 Complaint") was filed on June 17, 2009. The amended complaint in the 6098 Action (the "6098 Complaint") was filed on August 6, 2009.

The defendants in both cases are various DOCS employees. The defendants in the 6098 Action are Commissioner Brian Fischer, Special Housing Unit Director Norman Bezio and Associate Commissioner Lester N. Wright (collectively, the "6098 Defendants"). The defendants in the 5911 Action are nurse Mrs. T. Dallesandro ("Dallesandro"), P. Nodorost ("Nodorost"), Superintendent William Connolly ("Connolly") and Correction Officer Joshua Mawassa ("Mawassa") (collectively, the "5911 Defendants").

The 6098 Defendants have moved to revoke Plaintiff's IFP status and conditionally dismiss the 6098 Complaint pursuant to the "three-strikes" rule of the Prison Litigation Reform Act ("PLRA"). Connolly and Massawa have moved to revoke Plaintiff's IFP status and conditionally dismiss the 5911 Complaint on the same ground. For the reasons stated below, both motions are granted.[1]

## FACTS

### I. Plaintiff's Complaints

Both complaints allege that Plaintiff was retaliated against and harassed by DOCS personnel for filing a grievance on June 3, 2008, while he was incarcerated at Fishkill, about a missing $500 check that had been mailed to him.

---

[1] At the time they filed their motion, Connolly and Massawa were the only two of the 5911 Defendants who had been served. Their motion also argues that 5911 Defendants Dallesandro and Nodorost should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for lack of service. The Court does not reach the service issue, as the 5911 Complaint is dismissed in its entirety pursuant to this Order.

2

The 6098 Complaint alleges that on June 3, 2008, Plaintiff received four retaliatory misbehavior reports and that, after a disciplinary hearing on June 10, 2008, he received 60 days of confinement to a Special Housing Unit. (6098 Compl. at 2-3.) Plaintiff also alleges that he was not credited with 7 days that he had spent in the Special Housing Unit prior to the June 10, 2008 disposition. (Id. at 3-4, 6-7.) The 6098 Complaint further alleges that Plaintiff has not received anxiety medication or two additional Ensure drinks that were prescribed for him. (Id. at 5-6.)

In the 5911 Complaint, Plaintiff alleges that on June 3, 2008, he received one of those four allegedly retaliatory misbehavior reports from Dallesandro, a Fishkill pharmacist. (5911 Compl. at 3, ¶ II-D.) Later on June 3, 2008, Officer Mawassa allegedly retaliated against Plaintiff by destroying his legal documents concerning an appeal of his parole board appearance, and by giving Plaintiff another misbehavior report. (Id. at 3-4, ¶¶ II-D-E.) Then, Officer Nodorost allegedly began retaliating against Plaintiff by denying him outside recreation time, as well as his right to a sick call on June 10, 2008. (Id.)

As for injuries, Plaintiff alleges that an old wound on his neck has reopened because of the lack of adequate medical care. (See 6098 Compl. at 10 ("Plaintiff has a hol[e] on the right side of his neck. D[ue] to lack of adequate medical ca[r]e it reopen[ed] after being closed by Albany Medical Center."); 5911 Compl. at 3-4, ¶ III (alleging that Plaintiff suffered a "reopen[ing] of an old cut on his neck" as a result of lack of medical care).) In the 5911 Complaint, Plaintiff claims that he is "getting sicker from his serious medical problems," and that he "possibl[y] m[a]y not make [his] [conditional release] day of 9-9-09 and will die." (5911 Compl. at 3-4, ¶ III.)

3

## II. Plaintiff's Prior Lawsuits

Plaintiff has filed numerous other § 1983 lawsuits in this District relating to his imprisonment, including: Massey v. Greinal, et al., No. 00 Civ. 3168 (LMM)(RLE); Massey v. Capnano-Na, et al., No. 00 Civ. 3169 (MBM); Massey v. Fischer, et al., No. 02 Civ. 10281 (LTS)(MHD); and Massey v. Fischer, et al., No. 03 Civ. 2540 (MBM). Because Plaintiff was also incarcerated before his current conviction in 2007, he can be identified by both his current and former DOCS identification numbers on the docket sheets for his prior § 1983 cases. The Court takes judicial notice of filings in Plaintiff's prior lawsuits, and of the docket sheets for those actions, see Fed. R. Evid. 201, in resolving the pending motions to dismiss Plaintiff's complaints pursuant to the PLRA's three-strikes rule.

## DISCUSSION

## I. The PLRA's Three-Strikes Rule

The PLRA allows prisoners without the financial resources to prepay docketing fees to proceed in forma pauperis ("IFP"). See 28 U.S.C. § 1915(a)-(b); Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009). The PLRA also allows courts to sua sponte dismiss an IFP complaint at any time if it is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In addition, the PLRA contains a "three-strikes" rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits, unless the exception for "imminent danger" applies:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

> the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g); Pettus, 554 F.3d at 296. "The phrase 'fails to state a claim upon which relief may be granted' is an explicit reference to Fed. R. Civ. P. 12(b)(6)." Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007). Section 1915(g) "does not encompass dismissals for failure to exhaust administrative remedies." Id.

In order for a prisoner to qualify for the "imminent danger" exception, "the danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." Pettus, 554 F.3d at 296. Further, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." Id. at 298. In deciding whether such a nexus exists, courts must "consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." Id. at 298-99 (emphasis in original). "The three-strikes litigant must meet both requirements in order to proceed IFP." Id.

## II. Plaintiff's Three Strikes

At least three of the § 1983 cases Plaintiff previously filed in this District count as strikes for purposes of § 1915(g). First, in Massey v. Capnano-Na, et al., No. 00 Civ. 3169 (MBM), then-Chief Judge Mukasey sua sponte dismissed two pro se prisoner actions brought by Plaintiff pursuant to § 1915(e)(2) for failure to state a claim upon which relief may be granted. (Order, Apr. 26, 2000 (Docket No. 3).) Second, in Massey v. Greinal, et al., No. 00 Civ. 3168

5

(LMM)(RLE), Judge McKenna dismissed Plaintiff's pro se prisoner complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (Mem. & Order, Nov. 28, 2001 (Docket No. 16).) Third, in Massey v. Fischer, et al., No. 02 Civ. 10281 (LTS)(MHD), Judge Swain likewise dismissed a pro se prisoner complaint filed by Plaintiff pursuant to Rule 12(b)(6) for failure to state a claim. (Mem. Order, Aug. 27, 2004 (Docket No. 44), at 10-11.)

Each of these previous dismissals qualifies as a strike for § 1915(g). In his three-page response filed in opposition to the motion to dismiss the 5911 Complaint, Plaintiff apparently asserts that one of his prior lawsuits, Massey v. Greinal, No. 00 Civ. 3168, should not be counted as a strike because the entire filing fee was paid in that case. (Pl.'s Opp., Dec. 17, 2009, at 2.) However, whether Plaintiff paid the filing fee in a prior action is irrelevant to the question of whether the action qualifies as a strike for purposes of § 1915(g). The three-strikes rule requires only that the inmate is proceeding IFP in the complaint presently before the court—as Plaintiff is here in the 6098 and 5911 Actions—and that, while incarcerated, he brought "three or more prior actions or appeals" that were dismissed by a federal court on the grounds that they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Accordingly, the Court finds that the three actions discussed above, Massey v. Capnano-Na, et al., No. 00 Civ. 3169 (MBM), Massey v. Greinal, et al., No. 00 Civ. 3168 (LMM)(RLE), and Massey v. Fischer, et al., No. 02 Civ. 10281 (LTS)(MHD), count as strikes for the PLRA's three-strikes rule. The Court thus turns to whether Plaintiff qualifies for the "imminent danger" exception.

## III. The Imminent Danger Exception Does Not Apply

Plaintiff fails to plead any facts that plausibly suggest that he was "under imminent danger of serious physical injury" when he filed either the 5911 Complaint or the 6098 Complaint.

In the 6098 Complaint, Plaintiff alleges that he was denied anxiety medicine and Ensure drinks that had been prescribed to him. This allegation plainly does not bring Plaintiff within the imminent danger exception. See Welch v. Galie, 207 F.3d 130, 131-32 (2d Cir. 2000). In Welch, the plaintiff appealed the district court's dismissal of his complaint pursuant to § 1915(g), arguing that he was in imminent danger because corrections officers were denying him medical treatment. The Second Circuit concluded that "[plaintiff's] claim to fall within the 'imminent danger' exception to § 1915(g) is meritless." Id. at 132.

In the very last paragraph of his 10-page 6098 Complaint, Plaintiff mentions for the first time a "hol[e]" on his neck that had "reopen[ed] after being closed by Albany Medical Center." In other words, Plaintiff alleges that he had a wound on his neck; that the wound was closed by personnel at the Albany Medical Center; and that it later reopened because of lack of adequate medical attention. Those facts fall far short of giving rise to any inference that Plaintiff was in "imminent danger of serious physical injury."

In the 5911 Complaint, Plaintiff also alleges that the wound on his neck had reopened. In addition, he claims that he is "getting sicker from [his] medical condition and possibl[y] m[a]y not make [his] [conditional release] day of 9-9-09 and will die." But he does not identify what medical condition is deteriorating—his general allegation fails to differentiate past, chronic problems from any acute condition or "impending harms" that existed at the time he filed the Complaint. See Palmer v. N.Y.S. Dep't of Corr. Greenhaven, No. 06 Civ. 2873, 2007 U.S. Dist.

7

LEXIS 88909, at *5-6 (S.D.N.Y. Dec. 4, 2007) (finding "untenable" the "Plaintiff's argu[ment] that since all of his complaints are on-going, they are imminent"), aff'd, 2009 U.S. App. LEXIS 16562 (2d Cir. July 28, 2009).

Plaintiff does not allege any "medical condition" in the 5911 Complaint other than the wound on his neck. Thus, the only *factual* allegations of injury in the 5911 Complaint are that a wound on Plaintiff's neck had reopened, and that he was "getting sicker." Alleging that a cut has reopened and is getting worse does not suggest Plaintiff was in imminent danger of a *serious physical injury*." 28 U.S.C. § 1915(g) (emphasis added). Plaintiff's unsupported and implausible allegation that he might not "make" it to and "will die" before September 9, 2009—a date that has long since come and gone (and Plaintiff is still alive)—is far from enough to trigger the imminent danger exception.

Further, Plaintiff fails to plead any "nexus between the imminent danger" that is "*fairly traceable* to unlawful conduct asserted in the complaint[s]." See Pettus, 554 F.3d at 298-99 (emphasis in original). Plaintiff does not plead any facts tending to show that there is a "fairly traceable" nexus between imminent danger of a serious physical injury and any of the specific conduct alleged in the complaints—the denial of anxiety medicines and Ensure drinks; the filing of false misbehavior reports; the denial of outside recreation time; and confinement in a special housing unit.

Nor is there any fairly traceable nexus between imminent danger of serious physical injury and the alleged lack of adequate medical care. Liberally construed, the two complaints succeed in pleading that the alleged lack of medical care played a part in the reopening of the wound on Plaintiff's neck. But that is an injury that had *already* occurred at the time Plaintiff filed his complaints. By contrast, Plaintiff has failed to plead a fairly traceable nexus between

his generalized allegation of lack of medical care, and the allegation that he may not "make" his conditional release day.

Accordingly, the Court finds that Plaintiff does not qualify for § 1915(g)'s imminent danger exception. Thus, both of Plaintiff's IFP actions pending before this Court—the 6098 Action and the 5911 Action—are barred by the "three-strikes" rule of the PLRA.

## CONCLUSION

Plaintiff has filed at least three prior federal-court actions that qualify as strikes for the PLRA's "three-strikes" rule, and Plaintiff does not fall within the "imminent danger" exception. Thus, the Court revokes Plaintiff's IFP status in the 6098 Action and conditionally dismisses the 6098 Complaint pursuant to § 1915(g), until Plaintiff pays the entire filing fee in the 6098 Action. The Court likewise revokes Plaintiff's IFP status in the 5911 Action and conditionally dismisses the 5911 Complaint pursuant to § 1915(g), until Plaintiff pays the entire filing fee in the 5911 Action. Plaintiff has 30 days from the service upon him of this Order to pay the filing fees. If Plaintiff fails to pay the filing fee in either or both Actions within 30 days of service of this Order, the Action(s) in which the filing fee has not been paid will be dismissed with prejudice.

Dated: January 15, 2009

_____
U.S.D.J.

BY MAIL TO PLAINTIFF
BY ECF TO COUNSEL

9